**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JULIO E. GONZALEZ, 20178-018,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:09-CV-671-P** |
| | ) | **ECF** |
| **JOHN DOE, Director, Federal Designation** | ) | |
| **Transfer Center,** | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.      FACTUAL BACKGROUND**

Plaintiff alleges Defendant violated his civil rights under *Bivens v. Six Unknown Federal*

*Agents*, 403 U.S. 388 (1971).  Plaintiff is proceeding pro se and the Court has granted him leave

to proceed *in forma pauperis*.  Defendant is John Doe of the Federal Designation Transfer

Center.  Process has not issued pending preliminary screening.

Plaintiff is an inmate in the federal correctional system.  He alleges that Defendant

assigned him to a high security prison, when he should have been assigned to a medium security

prison.  He states he was attacked by other inmates while at the high security prison.  He alleges

that Defendant's decision to assign him to a high security prison was in disregard of his personal

**Findings, Conclusions and Recommendation
 of the United States Magistrate Judge**      Page 1

safety.  He seeks monetary damages.

## II.  DISCUSSION

### 1.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil
> action in which a prisoner seeks redress from a governmental entity or officer or
> employee of a governmental entity [and] [o]n review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is
> frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2)
> seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from suit.").

### 2.      Facility Designation

Plaintiff alleges Defendant violated his rights by placing him in a high security prison.

Under 18 U.S.C. § 3621(b), however, the Bureau of Prisons may direct confinement of a

prisoner in any available facility and may transfer a prisoner from one facility to another at any

time.  Federal prisoners generally have no constitutional right to placement in a particular penal

institution.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Brown-Bey v. United States*, 720

F.2d 467, 470 (7th Cir. 1983).  Plaintiff does not have a constitutional right to designation at a

medium security prison.  *Moore v. United States Att'y Gen*., 473 F.2d 1375 (5th Cir. 1973).  He

has failed to show that Defendant violated his constitutional or federal rights.

## RECOMMENDATION

The Court recommends Plaintiff's complaint be dismissed as frivolous.

Signed this 22nd day of April, 2009.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings, Conclusions and Recommendation**
 **of the United States Magistrate Judge**      Page 4