IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIO E. GONZALEZ, 20178-018,   )   | | |
| Plaintiff,   )   | | |
| )   | | |
| v.   )   | No. 3:09-CV-671-P |
| )   | ECF |
| JOHN DOE, Director, Federal Designation   )   | | |
| Transfer Center,   )   | | |
| Defendant.   )   | | |

## ORDER

After making the review required by 28 U.S.C. § 636(b), the Court finds that the Findings, Conclusions and Recommendation ("FCR") of the Magistrate Judge are correct, and they are adopted as the findings and conclusions of the Court.

Plaintiff filed objections to the FCR. He argues the magistrate judge incorrectly found that he did not have a protected liberty interest in his prison level classification and/or his assigned facility. He claims the Bureau of Prisons ("BOP") Program Statement 5100.08 ("PS 5100.08") creates a liberty interest in his assignment to the facility designated by the security point score in PS 5100.08. Based on this point score, Plaintiff argues he should have been placed in a medium custody institution, but was instead placed in a high custody institution. He claims this placement violated his constitutional rights.

Although the Fifth Circuit has not addressed whether PS 5100.08 creates a liberty or property interested, every court that has addressed the issue has found that PS 5100.08 did not alter well-settled law that an inmate has no protected liberty or due process interest in his classification level or his assigned facility. *See Marti v. Nash*, 227 Fed. Appx. 148, 150 (3d Cir. 2007), 2007 WL 1072969 at *1 (finding that under PS 5100.08, "Appellant has no due process

right to any particular security classification."); *Jones v. Anderson*, No. 08-3074-CV-S-RED-H, 2009 WL 426440, at *2 (W.D. MO. Feb. 19, 2009) (finding PS 5100.08 does not confer a protected right); *Young v. Grandolsky*, No. 08-2653-RMB, 2009 WL 315917 at *2 (D. N.J. Feb. 6, 2009) (finding petitioner has no due process right to any particular security classification under PS 5100.08); *Newbold v. Stansberry*, No. 1:08-CV-1266-LO/JPP, 2009 WL 86740 (E.D. Va. Jan. 12, 2009) (same); *Robinson v. LaManna*, No. 3:08-CV-277-SB-JRM, 2008 WL 4960236 (D. S.C. Nov. 19, 2008), (finding PS 5100.08 does not create a liberty interest in any particular classification); *Jordan v. Longley*, No. 08-4080-RHB, 2008 WL 4691813 at *8 (D. S.D. Oct. 20, 2008) ("Nor does Program Statement 5100.08 create a liberty interest in placement at a particular correctional facility."); *Hutchins v. FMC Lexington*, No. 5:08-393-JMH, 2008 WL 4534241 (E.D. Ky. Oct. 7, 2008) (same); *Rogers v. Shartle*, No. 4:07-CV-2598, 2007 WL 3355128 at *3 (N.D. Ohio, Nov. 9, 2007) (same); *Estrada v. Chavez*, No. 08-1358-PHX-NVW, 2009 WL 1383328 at *7 (D. Ariz. May 15, 2009), (same).  The Court finds the magistrate judge correctly concluded that Plaintiff has no protected liberty or property interest in his level classification or his assigned facility.

Further, to the extent Plaintiff alleges that Defendant failed to protect him from harm, Plaintiff's claim is insufficient to avoid summary dismissal.  Plaintiff's complaint states Defendant "knew that my chances of being assaulted was great."  (Compl. at 3).  To establish a failure to protect claim under the Eighth Amendment, Plaintiff must show that Defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [and] he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Plaintiff's conclusory allegations fail to meet this standard.

As supplemented herein, the Court finds the FCR of the magistrate judge correct and

accepts them as the Findings and Conclusions of the Court.

    Signed this 15th day of June, 2009.

                                                 _____
                                                 JORGE A. SOLIS
                                                 UNITED STATES DISTRICT JUDGE